ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 22 2008

at __ o'clock and __ min. __ M.
SUE BEITIA, CLERK

THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF HONOLULU  HAWAII

JOSEPH PAJARDO          ;
                Movant/Defendant;

v.                                          Court Case No. CR-01-00160-4-SOM

THE UNITED STATES OF AMERICA;
                Respondent/Plaintiff;

### Motion For Discovery

Comes now Movant/Defendant, JOSEPH PAJARDO , Federal No. 88110-022; to heartfully move this honourable court to direct the Attorney-of-Record, Mr. GLENN CHOY , regarding defendant's instant offense representation, to produce all below listed records/documents/evidence/memos/communique/etc..

Movant seeks to establish the requisite facts to show this counsel's ineffective assistance. It is incumbent on the courts to provide effective assistance of counsel to every defendant pursuant to the United States Constitution.

Citing Strickland v. Washington 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, (1984), defendants must prove counsel's ineffectiveness per Strickland's two-prong test. To meet this near insurmountable burden, defendants have lawful standing to direct disclosure of any and/or all documents that can help establish the facts. Anything less is a 'Deprivation of Defendant Due Process'.

Pursuant to the Federal Rules of Evidence;

Rule 402. Relevant Evidence Generally Admissible; Irrelevant Evidence Inadmissible.

"All relevant evidence is admissible, execpt as otherwise provided
by the Constitution of the United States, by Act of Congress, by
these rules, or by other rules prescribed by the Supreme Court
pursuant to statutory authority."

As such, all the petitioned evidence regarding attorney competency is not

(1)

exclusionary; and, therefore must be admitted.

Additionally; Rule 403, Rules of Evidence (Federal Criminal Code and Rules) is further specific in that;

> "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." **Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion, or Waste of Time.**

None of these grounds can apply to an attorney, when the core issue of ineffective assistance of counsel must be substantiated. The Strickland 'bar' requires the need to effectively prove ineffectiveness. Overwork, lack of ability, lack of motivation, conflict-of-interest, unfamiliarity with laws, statutes, and/or courtroom procedures and/or protocol, will all lead to a substantially reduced effectiveness by counsel, thus evidencing ineffectiveness. And constitutional law demands a defendant's right to effective counsel.

Likewise, Title 5 U.S.C. §552(d) is clear about the public's right to non-sensitive documents in the government's system which does or can pertain to an individual.

> "**(d) Access to records.** Each agency that maintains a system of records shall----
> (1) upon request by **any** individual to gain access to his record or to **any** information pertaining to him which is contained in the system, permit him and upon his request, a person of his own choosing to accompany him, to review the record and have a copy made of all or any portion thereof in a form comprehensible to him, ...;" Emphasis added.

And pursuant to D.C. District Code §2-531, Public Policy;

> "The public policy of the District of Columbia is that all persons are entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and employees. To that end, provisions of this subchapter shall be construed with the view toward expansion of public access and the minimization of costs and time delays to persons requesting information." (2006) Id. at 944, 945.

Further stated;

"Freedom of Information Act seeks to permit access to official information long shielded unnecessarily from public view and attempts to create judicially enforceable public right to secure official information from possibly unwilling official hands. D.C. Code 1981, § 1-1521 et seq. Washington Post Co. v. Minority Business Opportunity Com'n, 1989, 560 A.2d 517."

"Local Freedom of Information Act embodies strong policy favoring disclosure of information about governmental affairs and acts of public officials, a policy which requires narrow reading of any statutory exemptions from disclosure. D.C. Code 1981, § 1-1521, et seq. Barry v. Washington Post Co., 1987, 529 A.2d 319." (2006) D.C. Code §2-531 Public Policy, para. 3, & 4.

It is a foregone conclusion that the Code Of Professional Responsibility is clear in its' canons. The canons being laid down to protect the integrity of 'just & fair' justice; to the public and to the individual. This is rarely done today because of a defendant's lack of proper knowledge and/or insight into their counsel's qualifications. The legal profession itself acknowledges its' own shortcomings. Canon 2; EC-6, EC-7, and EC-8, are profoundly pertinent;

" Formerly a potential client usually knew the reputations of local lawyers for competency and integrity and therefore could select a practitioner in whom he or she had confidence. This traditional selection process worked well because it was initiated by the client and the choice was an informed one." EC-6.

" Changed conditions, however, have **seriously restricted** the effectiveness of the traditional selection process. **OFTEN the reputations of lawyers are not sufficiently known to enable potential users of legal services to make intelligent choices.** The law has become increasingly complex and specialized. Few lawyers are willing and competent to deal with every kind of legal matter, and many people have difficulty in determining the competence of lawyers to render different types of legal services. The **selection** of legal counsel **is particularly difficult for TRANSIENTS, PERSONS MOVING INTO NEW AREAS, PERSONS OF LIMITED EDUCATION OR MEANS**, and others who have little or no contact with lawyers. **LACK OF INFORMATION ABOUT THE AVAILABILITY OF LAWYERS, THE QUALIFICATIONS OF PARTICULAR LAWYERS, THE AREAS OF LAW IN WHICH LAWYERS ACCEPT REPRESENTATION AND THE COST OF LEGAL SERVICES IMPEDES THE INTELLIGENT SELECTION OF LAWYERS.**" EC-7.

" Selection of a lawyer **should** be made on an informed basis. Disclosure of truthful and relevant information about lawyers and their areas of practice should assist in the making of an informed selection. Disinterested and informed advice and recommendation of third parties—relatives, friends, acquaintances, business associates, or other lawyers—may also be helpful." EC-8. Emphasis added throughout.

In such light, defendant has a constitutional right to direct this honourable court to petition the defense counsel of record regarding the above entitled case to produce all requested records.

A] Defense counsel's years in practice; and,

B] Defense counsel's experience in representation in general and expertise in defendant's instant case-type charges in specific; and,

C] Defense counsel's record of jury trials verses plea agreement cases; and,

D] Defense counsel's record of jury trial case-type charges; and,

E] Defense counsel's record of successful aquittals concerning case-type jury trials; and,

F] Defense counsel's workload concerning the time frame during which counsel represented defendant, inclusive of a (3) month interval preceding and succeeding such time frame; and,

G] any and all complaints that may have been lodged against this defense counsel in court, and/or any governmental and/or legal agency; and,

H] any and/or all dispositions and/or sanctions administered; and,

I] any and/or all legal suits that may have been lodged against this defense counsel; and,

J] Defense counsel's time and visits logged in research, investigation, preparation, and representation during defense counsel's defendant appointment; and,

K] any and all, if any, records and/or documents of any problematic issues, whether legal, and/or civil, with alcohol, drugs, medications or mental and/or psychological aberrations.

Movant fully understands an individual's privacy rights and is certainly not trying to garner defense attorney's life history; but any counsel promoting himself/herself to be competent and asserting effective ability in legally defending a charged individual in any judicial proceeding must be able to

(4)

withstand scrutiny. The defense counsel is the only possible intervenor between a defendant's right to justice and system-wide judicial despotism. The vast majority of judicial litigants must rely solely and completely on legal counsel. Certainly nothing need be said about the number of cases where a defendant was denied relief due to a legal 'mistake' charged to the defendant who is 'legally inept' and not charged to the defense counsel who is "supposed to be" 'legally adept'.

The post-conviction arena is certainly near insurmountable and defendants should never have to second guess or suspect their legal counsel to be less than dedicated, purposeful, effective, and concerned. Anything less is illusory representation can not judicially stand.

Consequently; this defendant moves this court to direct defense counsel of record to produce all listed documents for review.

Movant thanks this court for its' time and energy devoted to this matter.

Respectfully Submitted;

_____
JOSEPH PAJARDO
Dated this day of 2-
18, 2008.