IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 01-00160 (4) SOM |
| | ) | Civ. No. 08-00086 SOM/LEK |
| Plaintiff-Respondent, | ) | |
| | ) | ORDER DENYING AS PREMATURE |
| vs. | ) | PETITION UNDER 28 U.S.C. |
| | ) | § 2255 |
| JOSEPH PAJARDO, | ) | |
| | ) | |
| Defendant-Petitioner. | ) | |
| _____ | ) | |

ORDER DENYING AS PREMATURE PETITION UNDER 28 U.S.C. § 2255

        On January 9, 2006, the Ninth Circuit remanded Defendant Joseph Pajardo's case to this court under United States v. Ameline, 409 F.3d 1073 (9th Cir. 2005) for a determination of whether Pajardo's sentence would have been different had this court known that the Sentencing Guidelines were advisory.

        On April 16, 2007, this court resentenced Pajardo.  An Amended Judgment was filed on April 27, 2007.

        On May 3, 2007, Pajardo filed a Notice of Appeal from the April 27, 2007, Amended Judgment.  That appeal has been assigned appellate case number 07-10336.  The Ninth Circuit has not yet ruled on that appeal.

        On February 22, 2008, Pajardo filed a petition to vacate his conviction and sentence under 28 U.S.C. § 2255.  This petition is premature.  The Ninth Circuit has stated that a "district court *should not* entertain a habeas corpus petition while there is an appeal pending in [the Ninth Circuit] or in the

Supreme Court," reasoning that the disposition of the appeal may render the habeas corpus petition unnecessary. <u>Feldman v. Henman</u>, 815 F.2d 1318, 1320-21 (9th Cir. 1987). The Ninth Circuit has applied this rule to petitions under § 2255 when appeals are pending in the Ninth Circuit. <u>See</u> <u>United States v. Pirro</u>, 104 F.3d 297, 299 (9th Cir. 1997); <u>Deeb v. United States</u>, 944 F.2d 545, 548 (9th Cir. 1991); <u>see</u> <u>also</u> 1976 Advisory Committee Notes to Rule 5 of the Rules Governing Section 2255 Proceedings for the United States District Courts ("There is no requirement that the movant exhaust his remedies prior to seeking relief under § 2255. However, the courts have held that such a motion is inappropriate if the movant is simultaneously appealing the decision.").

Because Pajardo has a direct appeal pending in the Ninth Circuit, and because Pajardo has failed to show any "extraordinary circumstance" that justifies a concurrent § 2255 petition, his § 2255 petition, Civil No. 08-00086 SOM/LEK, is dismissed without prejudice as premature. <u>See</u> <u>Deeb</u>, 944 F.2d at 548 (noting that a district court did not err by dismissing a § 2255 petition without prejudice when there was an ongoing appeal); <u>United States v. Taylor</u>, 648 F.2d 565, 572 (9th Cir. 1981) ("The District Court may entertain a collateral motion during the pendency of a direct appeal if 'extraordinary circumstances' outweigh the considerations of administrative

convenience and judicial economy."); Jack v. United States, 435 F.2d 317, 318 (9th Cir. 1970) ("Except under most unusual circumstances, not here present, no defendant in a federal criminal prosecution is entitled to have a direct appeal and a section 2255 proceeding considered simultaneously in an effort to overturn the conviction and sentence.").

Pajardo's § 2255 petition is dismissed without prejudice.  Because this dismissal is not on the merits, it does not count as a § 2255 petition for purposes of § 2255's prohibition against second or successive petitions absent certification from the Court of Appeals.  Green v. White, 223 F.3d 1001, 1002 n.1 (9th Cir. 2000) ("The present petition is not a "second or successive petition" because the earlier petition . . . was not adjudicated on the merits.").  This means that, should the Ninth Circuit affirm Pajardo's conviction, he may then file a § 2255 petition with this court.

The Clerk of Court is directed to send a copy of this order to Assistant United States Attorney Michael K. Kawahara,

Glenn D. Choy, Esq., and Joseph Pajardo.  The Clerk of Court is also directed to close this case.

      IT IS SO ORDERED.

      DATED: Honolulu, Hawaii, March 3, 2008.



    /s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

United States v. Pajardo, Cr. No. 01-00160 (4) SOM; Civ. No. 08-00086 SOM/LEK; ORDER DENYING AS PREMATURE PETITION UNDER 28 U.S.C. § 2255